UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARVIN KNIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 25-02726 (UNA) |
| RAYMOND EMANUEL BELL, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff, a resident of Washington, D.C., sues an individual alleged to be a D.C. citizen and founder of a trucking company in the District. *See* Compl., ECF No. 1 at 3-4. In the disjointed Complaint, Plaintiff mentions "negligence" and "breach of contract" in regard to an "accident that occurred on" September 29, 2022, where he "was a victim." *Id*. at 4. Plaintiff alleges "I did not receive my $450 stipend" and was not allowed "to finish training for certification." *Id*. He seeks an unspecified amount of damages for lost wages, pain, suffering, and emotional distress. *Id*. at 5.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id*. § 1331, or the parties are "citizens of different States" and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a). A party seeking relief in the district court must plead facts that bring the

suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

The Complaint does not present a claim arising under "the Constitution [or] laws . . . of the United States," 28 U.S.C. § 1331, nor establish diversity jurisdiction. Therefore, this case will be dismissed by separate order.

Date: November 14, 2025

TREVOR N. McFADDEN
United States District Judge